PHILIP TYRE *vs.* MARY MULVENA, Adm'x of JOHN MULVENA, dec'd.

New Castle County, November Term, 1896.

**Pleading**—Where in a plea of payment, the date of payment is in blank, the plaintiff is entitled, if he so demands, to have the time set forth in the plea.

This was an action of assumpsit to recover the sum of $2000.00 for work and labor performed. *Narr* with the common counts. The plea of payment filed was at the request of the

plaintiff's counsel drawn out and alleged that "before the commencement of this suit; to wit on the————day of————A. D. 18— at" etc., "she, the said Mary Mulvena, administratrix of John Mulvena, deceased, well and faithfully paid to the said plaintiff the said sum of money," etc.

*Nields,* for the plaintiff, asked that the plea of payment be so drawn as to show what amount or amounts had been paid, and the time at which such payments had been made, contending that the plaintiff was not sufficiently informed thereby of those facts, or whether it was paid in money or otherwise. *Ireland vs. Thompson,* 4 Bingham 716; *Oneal vs Phillips,* 10 S. E. Rep. 352; *Burton vs. Willin,* 6 Houst. 522, 533.

*Vandegrift,*[a] for the defendant, stated to the Court that the blanks in the date should have been filled in, but submitted that he was not bound to go the length asked for by plaintiff's counsel and make the plea of payment what would be equivalent to a bill of particulars. That a plea of payment under the decisions in this State meant a money payment, and he was not bound to particularize the exact times and amounts of payments made. That the decision in *Ireland vs. Thompson* relied upon by the other side, was under the Hillary Rules, which are not in force in this State.

LORE, C. J. The plea alleges that the plaintiff paid the sum of money. This eliminates the question as to what the payment consisted of and leaves only the question as to the allegation of time.

While the time is often left blank, there is no doubt that the plaintiff is entitled, if he so demands, to have the time set forth in the plea; and as to whether the defendant will be confined in his proof to the date alleged is a matter that may arise hereafter, but is not before us now.